**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-4864**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

BRANDON LEE ALSTON,

          Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Donald C. Coggins, Jr., District Judge.  (4:18-cr-0008-DCC-1)

Submitted:  May 16, 2019                        Decided:  June 11, 2019

Before DIAZ and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William F. Nettles, IV, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant.  William Camden Lewis, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Lee Alston appeals the 84-month sentence imposed following his guilty plea, entered pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2012). On appeal, Alston's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the Rule 11 hearing and the reasonableness of Alston's sentence. Although notified of his right to do so, Alston has not filed a pro se supplemental brief, and the Government has elected not to respond to the *Anders* brief. Finding no reversible error, we affirm.

Alston first claims that the district court did not comply with Rule 11. However, our review of the Rule 11 transcript discloses substantial compliance with Rule 11. Because Alston did not move to withdraw his guilty plea, our review is for plain error. *See United States v. Martinez*, 277 F.3d 517, 525 (4th Cir. 2002). We conclude that the record fully supports the district court's determination that the plea was knowingly and voluntarily entered and that a factual basis for the plea existed.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant

2

procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Here, the district court correctly calculated Alston's Guidelines range of 70 to 84 months, afforded the parties an opportunity to address the court, considered the § 3553(a) factors, and appropriately explained its reasons for imposing the sentence stipulated in the Rule 11(c)(1)(C) plea agreement. Finally, nothing in the record rebuts the presumption that Alston's within-Guidelines sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's criminal judgment. This court requires that counsel inform Alston, in writing, of the right to petition the Supreme Court of the United States for further review. If Alston requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Alston. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3